*Formatted for Electronic Distribution*                                                                                          *For Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

**In re:**
    **Elizabeth C. Campbell,**
        **Debtor.**

_____

**Jan M. Sensenich, Trustee and**
**Elizabeth C. Campbell, Debtor,**
        **Plaintiffs,**
      v.

**Ledyard National Bank,**
        **Defendant.**

_____

**Chapter 13 Case**
**# 06-10570**

Filed & Entered
On Docket
December 24, 2008

**Adversary Proceeding**
**# 07-1023**

| Appearances: | Norman Cohen, Esq. | Jan Sensenich, Esq. | Frank P. Urso, Esq. |
|---|---|---|---|
| | Rutland, VT | White River Jct., VT | Rutland, VT |
| | *For the Debtor-* | *Chapter 13 Trustee* | *For the Defendant* |
| | *Plaintiff* | *Pro Se* | |

### ORDER
### ON CROSS-MOTIONS FOR SUMMARY JUDGMENT
### AND SCHEDULING FINAL PRE-TRIAL HEARING

For the reasons set forth in the Memorandum of Decision of even date, THE COURT FINDS that the Defendant Ledyard National Bank willfully violated the automatic stay when it cleaned out the Plaintiff-Debtor's real property, destroying and disposing of the Debtor's personal property in the process.

Based upon those findings, the record, and the pertinent case law, THE COURT DETERMINES that

1. there are no material facts in dispute and therefore summary judgment is proper;

2. the Sale Orders did not authorize Ledyard National Bank to destroy or dispose of the Debtor's personal property;

3. Ledyard National Bank's disposal and destruction of the Debtor's personally property constitutes a willful violation of the automatic stay;

4. Ledyard National Bank may be held liable for damages, under § 362(k), for the injury the Debtor suffered as a result of the Bank's willful violation of the automatic stay; and

5. while the chapter 13 trustee may seek damages under the Court's contempt powers, pursuant to § 105(a), the chapter 13 has no right to recovery under § 362(k)(1).

Therefore, IT IS HEREBY ORDERED that the Defendant's motion for summary judgment is denied, in part, and granted in part.

IT IS FURTHER ORDERED that the Plaintiff Debtor's and Trustee's cross-motions for summary judgment are granted in part and denied in part.

IT IS FURTHER ORDERED that the parties shall file a final joint pre-trial statement **by January 20, 2009** and appear for a final pre-trial hearing at the U.S. Bankruptcy Court in Rutland (or via videoconference) **on January 27, 2009 at 11:00 a.m.**

**SO ORDERED.**

December 24, 2008  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge